The Honorable Ricardo S. Martinez
The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |  |
|---|---|---|
| IAN PERRY, | ) ) | Case No. 2:20-cv-01622-RSM-BAT |
| Plaintiff, | ) ) ) | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| vs. | ) ) | (Civil Rights, Jury Trial Demanded) |
| STATE OF WASHINGTON, WASHINGTON STATE DEPARTMENT OF CORRECTIONS, ARIEG AWAD, MARQUETTA WASHINGTON, and DOES I-X inclusive, | ) ) ) ) | |
| Defendants. | ) ) ) | |

COMES NOW Plaintiff Ian Perry, by and through the undersigned attorney, and for the causes of action against the above-named Defendants, alleges and avers as follows:

## I.     INTRODUCTION

1.      Plaintiff Ian Perry is currently an inmate at the Twin Rivers Unit of the Monroe Correctional Complex in Monroe, Washington. Plaintiff, by and through his undersigned counsel, brings this Complaint for declaratory relief and damages against defendants, in their individual capacities for violations of his Eighth and First Amendment rights and Washington

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 1

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

State law. Plaintiff brings this action due to defendants' denial and delay of medically necessary treatment in violation of Department of Corrections policy, the United States Constitution, and the laws of the state of Washington. Defendants, and each of them, have been deliberately indifferent to the serious medical needs of plaintiff. As a result, each defendant individually and collectively has caused plaintiff to suffer deprivation of his civil, statutory, and constitutional rights, physical injury, and mental and emotional distress.

## II.   VENUE

2.    All of the unlawful acts and practices alleged herein occurred in or near the City of Monroe in Snohomish County, Washington. Thus, the Western District of Washington Courthouse in Seattle is the appropriate forum for this matter.

## III.   PARTIES

3.    Plaintiff Ian Perry is an adult male inmate currently incarcerated in the Twin Rivers Unit ("TRU") of the Monroe Correctional Complex ("MCC") in Monroe, Washington. At all times relevant hereto plaintiff was housed at MCC/TRU, a facility owned and operated by the Washington State Department of Corrections.

4.    Defendant State of Washington is and was at all times relevant hereto the employer of all other defendants and the public entity that had complete control over plaintiff because he was housed in its prison system.

5.    Defendant Washington Department of Corrections ("DOC") is an agency of the State of Washington and is a public entity that has complete control over plaintiff because he is housed in its prison system.

6.    Defendant Arieg Awad, M.D., is and was at all times relevant hereto the Facility Medical Director of the Monroe Correctional Complex.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 2

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

7.      Defendant Marquetta Washington, ARNP, was employed as an inmate healthcare provider by DOC at MCC/TRU until approximately April 2020.

8.      Defendants Does I through X are employees of the Washington State Department of Corrections to be identified through the discovery process.

9.      Each defendant is, and at all times herein mentioned was acting under color of law and was an agent of the State of Washington and acting within the course and scope of their employment with that entity in causing the harm as herein alleged.

## IV.      ADMINISTRATIVE PROCEEDINGS

10.     Plaintiff filed a tort claim on April 22, 2020. More than 60 days have passed, and the State of Washington has not responded. As a matter of law, plaintiff's tort claim has been rejected.

11.     Plaintiff has exhausted all possible grievances and pursued all administrative remedies which were made available to him regarding the events and claims herein.

## V.      STATEMENT OF FACTS

12.     On January 8, 2020, at approximately 9 a.m., plaintiff sustained an injury to his right ankle while playing basketball at the TRU gym.

13.     Plaintiff was in such intense pain following the injury that he was unable to stand up, and he declared a medical emergency. He was escorted to MCC medical by staff shortly thereafter.

14.     Upon arrival at the infirmary, plaintiff was seen by defendant Marquetta Washington, ARNP, who assessed his injury and ordered x-rays of his right ankle.

15.     Prior to receiving his x-ray results, Washington diagnosed plaintiff with a right ankle sprain. She had his leg and ankle wrapped in ACE wrap bandages and provided him with

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 3

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    ice, crutches, ibuprofen, and a health status report ("HSR") assigning him to a lower bunk.

2    Plaintiff was then sent back to his unit.

3    16.    Later that day, plaintiff's x-ray results came back showing that he had fractured

4    his fibula. Washington noted the displaced fracture in her primary encounter report for the day

5    but did not alter plaintiff's diagnosis, call him back in, or inform him in any way of the results.

6    17.    On January 9, 2020, plaintiff's counselor, Melissa Sequeira, contacted MCC

7    medical after plaintiff reported increased pain and numbness in his right ankle. Plaintiff was seen

8    again later that day by Washington.

9    18.    When plaintiff's leg was unwrapped during the encounter, it was swollen and

10   dark with bruising, and he was concerned that there may have been a break. Washington

11   assessed plaintiff's foot, ankle, and leg, and asked plaintiff to rate the level of his pain. Plaintiff

12   replied that his pain was "ten out of ten."

13   19.    Washington did not review plaintiff's medical file or x-ray results with him, did

14   not inform him of the fracture, and did not update his diagnosis. She instead informed plaintiff

15   that his ankle was not broken, instructed RN2 A. Neri to re-wrap plaintiff's leg with ACE

16   bandages, gave plaintiff Tylenol for pain management, and sent him back to his unit with the

17   same instructions as she had given the day before.

18   20.    The next day, plaintiff filed an emergency grievance, reporting that he was unable

19   to feel or move the toes on his right foot and that he feared his ankle was broken. He asked to be

20   taken to an outside hospital for assessment.

21   21.    Plaintiff was seen by Washington for a third time later that day. RN2 Susan

22   Williamson was also present for this encounter.

23

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 4

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

22.     During the encounter, Williamson noticed that plaintiff's leg had been wrapped improperly the day before, causing restricted circulation and worsening the swelling in his ankle.

23.     Again, Washington did not review plaintiff's file or x-ray results with him during the encounter on January 10th, nor did she change his diagnosis or care plan. She ordered his leg rewrapped and sent him out again with the same instructions as the two prior encounters.

24.     In her January 10, 2020 encounter report, Williamson noted that plaintiff would be called back to the clinic at approximately 6:00 p.m. the next day for reevaluation.

25.     Plaintiff was not called back or seen again by medical for another nine days. During this time, he continued to be in pain, his leg and ankle were swelling and bruised, and he could not sleep properly at night.

26.     On January 19, 2020, plaintiff was called in and assessed by Williamson. She unwrapped plaintiff's leg, took 10-15 photos of the injured area, and had him taken to the Evergreen Hospital Emergency Department ("ED").

27.     While at the Evergreen ED, plaintiff had more x-rays taken and was informed for the first time since his injury that his fibula was fractured. The staff at Evergreen ED provided plaintiff with a walking boot to secure the injured area. Plaintiff was told that he would see an orthopedic specialist within the next few days.

28.     On January 20, 2020, plaintiff filed a grievance regarding the inadequate medical care he had received from Washington following his injury.

29.     On January 21, 2020, Washington issued a request for an orthopedic consult for plaintiff, which was approved by defendant Areig Awad.

30.     On January 29, 2020, plaintiff was taken to the Evergreen Hospital located in Kirkland, Washington and evaluated by Dr. Jonathan Hall, M.D.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 5

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1    31.    At plaintiff's initial appointment, Dr. Hall reviewed plaintiff's x-rays and placed

2  him in a short leg cast. He gave strict verbal and written instructions to plaintiff and his DOC

3  providers that plaintiff was to keep from putting any weight on his injured leg while it healed. He

4  also instructed DOC to bring plaintiff back for follow up within three weeks for a cast change

5  and x-rays.

6    32.    Approximately one month later, in late February 2020, plaintiff returned for

7  follow up with Dr. Hall. Additional x-rays were taken and reviewed, and Dr. Hall noted that

8  there had been no notable healing. Plaintiff's leg was recast, and he was recommended for follow

9  up in another two weeks.

10    33.    On February 28, 2020, the response time elapsed for plaintiff's level I grievance,

11  and it was automatically appealed to level II by the grievance coordinator.

12    34.    On March 2, 2020, plaintiff had an initial evaluation with the on-site physical

13  therapist at Monroe Correctional Complex Twin Rivers Unit. At that time, plaintiff was still

14  wearing the cast he was given at his recent follow-up appointment with Dr. Hall so no physical

15  therapy occurred. However, the physical therapist noted that physical therapy would be held

16  pending a request for physical therapy after plaintiff's cast was removed or after orthopedic

17  follow-up and possible surgery.

18    35.    Approximately three weeks later, in or around mid-to-late March 2020, plaintiff

19  was seen again by Dr. Hall for follow up. At this appointment, Dr. Hall informed plaintiff that

20  his injury was not healing on its own and recommended surgical intervention.

21    36.    Also in March 2020, Dr. Hall informed plaintiff that he would likely need

22  physical therapy to regain the range of motion in his ankle as it healed.

23

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 6

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

37.     On March 31, 2020, plaintiff received a level II grievance response from Health Services Administrator Shane L. Evans. This response confirmed that plaintiff was not provided any information about his January 8th x-rays after the results were received. It also stated that plaintiff's provider "failed to provide adequate follow up care by not reviewing her notes, nor reviewing the x-ray report with [plaintiff] to address the diagnosis and any changes to the follow up care plan."

38.     ~~In or around April 2020~~ On April 24, 2020, plaintiff was taken in for surgery with Dr. Hall. He was placed in a hard cast after the surgery.

39.     On May 18, 2020, plaintiff received a level III response to his grievance written by Health Services CNO R. Simpson, stating that while his grievance was partially supported in the level II response, plaintiff was "provided treatment that was in agreement with the emergency room care plan" and was "referred appropriately to an off-site consultant for care."

40.     Plaintiff was not given a boot or cast prior to being seen at Evergreen ED on January 19, 2020. No DOC providers who saw him prior to this date advised him of the fracture or told him not to put pressure on his injured leg.

41.     In June 2020, Dr. Hall removed Mr. Perry's hard cast and told him that he needed physical therapy to ensure that his ankle would not heal stiff after surgery. The physical therapy would also allow him to regain the range of motion in his ankle.

42.     By July 2020, plaintiff had not been taken to any physical therapy appointments. He subsequently asked his new provider, Raimeca Martin, via kite if and when he was going to receive physical therapy. On September 2, 2020, Martin responded to plaintiff's kite stating that she looked into his concerns and had submitted a consult for outpatient physical therapy.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 7

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

43.     Plaintiff still did not receive any physical therapy in the next few weeks, so in October 2020, he filed a grievance regarding his concerns. The grievance responses partially substantiated his complaints and acknowledged that there was an identified delay in beginning the physical therapy sessions.

44.     Plaintiff did not receive physical therapy until October 12, 2020. Even then, plaintiff only had a few physical therapy sessions which did not occur consistently every week. Plaintiff has not been to physical therapy since November 2020.

## VI.     FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 – Eighth Amendment – Cruel and Unusual Punishment – Against Arieg Awad, Marquetta Washington, and DOES I-V inclusive)**

45.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 38 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

46.     The Eighth Amendment protects inmates against infliction of "cruel and unusual punishment." Defendants violated the Eighth Amendment by acting with deliberate indifference to the serious medical needs of plaintiff and acting with conscious disregard of the harm that would be inflicted upon plaintiff by mistreating his medical condition.

47.     At all times material hereto, defendants jointly and severally had a duty under the Eighth Amendment of the U.S. Constitution to not be deliberately indifferent to the known serious medical needs of inmates at the Washington Department of Corrections ("DOC"). This duty arose from the individual defendant's capacity as agents or employees of the DOC. Because defendants had a non-delegable duty to provide medical services to the plaintiff, the DOC and its agents and employees acted under the color of law while providing these services.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 8

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

48.     Defendants failed to provide adequate medical care for plaintiff contrary to medical records and x-ray results showing his need for timely treatment and plaintiff's attempts to inform them of urgent developments in his condition. Despite defendants' knowledge of his medical needs, each individual defendant intentionally, or through the exercise of deliberate indifference, failed or refused to provide plaintiff with the proper medical care and attention known to be necessary under plaintiff's circumstances. The mismanagement of plaintiff's serious medical condition caused him severe and continuous pain which violated the cruel and unusual prohibitions of the Eighth Amendment.

49.     As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has medical complications and suffered extreme pain and emotional distress. The full extent of plaintiff's injuries will be proven at trial.

## VII.    SECOND CAUSE OF ACTION

**(42 U.S.C. § 1983 – Eighth Amendment – Supervisor Liability – Against Arieg Awad and DOES VI-X inclusive)**

50.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 43 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

51.     Dr. Arieg Awad and Does VI-X as supervisors failed to train or supervise the officers and medical providers who attended or should have attended to plaintiff. Specifically, Awad failed to supervise and/or train defendant Marquetta Washington, who was known to be careless and who had been the subject of numerous inmate complaints regarding her improper medical treatment. Defendant supervisors also failed to discharge or sufficiently discipline Washington prior to the events described above.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 9

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

52. The medical providers who saw to plaintiff following his initial injury violated minimum medical protocol, conducted substandard evaluations and ignored the documentation in his medical chart and treatment plan and did not update his diagnosis and care in accordance with relevant diagnostic imaging results. This conduct caused plaintiff to be deprived of medically necessary care and treatment for his injury.

53. The failure to train or supervise these negligent medical providers and constituted deliberate indifference to plaintiff's right to adequate and timely medical care and denied him of his constitutional right to adequate medical care for his injuries.

54. As a direct and proximate result of the actions and omissions of these supervisor defendants as described above, plaintiff has sustained medical complications and suffered extreme pain and emotional distress. The full extent of plaintiff's injuries will be proven at trial.

## VIII.   THIRD CAUSE OF ACTION

### (General Negligence – Against all Defendants)

55. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 48 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

56. Because plaintiff is an inmate within the Department of Corrections, the DOC has full control over all aspects of his life including his movements, access to medical providers, and access to medication.

57. Defendants had a duty to ensure that plaintiff received the medical treatment that his condition warranted. Defendants breached that duty by failing to update plaintiff's diagnosis or care plan for nearly two weeks following receipt of relevant imaging results, providing improper care and instructions to plaintiff regarding his injury during that time, and failing to

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 10

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

ensure that plaintiff received physical therapy pursuant to his orthopedic provider's recommendations.

58.     As a direct and proximate result of defendants' negligence, plaintiff has suffered medical complications, bodily injury, pain and suffering, and mental and emotional distress in an amount according to proof at trial.

## IX.     FOURTH CAUSE OF ACTION

### (Negligent Hiring)

59.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 52 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

60.     Defendants were negligent in checking the background and credentials of defendant Washington during the hiring process and were negligent in not firing her for incompetence while at the prison long before she caused harm to plaintiff.  On information and belief, plaintiff alleges that DOC received numerous complaints from inmates regarding Washington's negligent and inadequate medical care.

61.     As a direct and proximate result of defendants' negligence, plaintiff has suffered medical complications, bodily injury, pain and suffering, and mental and emotional distress in an amount according to proof at trial.

## X.     FIFTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress – Against all Defendants)

62.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Fifth Cause of Action.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 11

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

63.    Defendants had direct knowledge of plaintiff's injury, pain, and distress, and negligently prolonged and inflicted additional pain and distress by refusing to properly address and treat plaintiff's serious medical needs.

64.    As a direct and proximate result of defendants' negligence, plaintiff has suffered medical complications, bodily injury, pain and suffering, and mental and emotional distress in an amount according to proof at trial.

## XI.    SIXTH CAUSE OF ACTION

### (*Respondeat Superior* – Against the State of Washington)

65.    Plaintiff realleges and incorporates by reference herein paragraphs 1 through 58 with the same force and effect as if such paragraphs were separately realleged in this Sixth Cause of Action.

66.    At all times relevant hereto, all individually named defendants were acting within the course and scope of their employment with the State of Washington.

67.    The State of Washington is therefore vicariously liable for the above-described tortious conduct of the individually named defendants.

## XII.    PRAYER

WHEREFORE, plaintiff prays for the following relief against defendants:

A. For general and special compensatory damages for plaintiff and against defendants according to proof at trial;

B. For punitive damages against each individual defendant;

C. For a jury trial on all claims;

D. For reasonable attorney fees according to law or statute;

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 12

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

E.  For costs of suit incurred herein; and

F.  For such other and further relief as the Court may deem just.


DATED this 21st day of May, 2021.

CIVIL RIGHTS JUSTICE CENTER PLLC


*/s/Darryl Parker*_____
Darryl Parker, WSBA #30770
2150 North 107th Street, Suite 520
Seattle, WA 98133
206-557-7719
Email:  dparker@civilrightsjusticecenter.com

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 13

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183