UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IAN PERRY,<br><br>                Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, et al.,<br><br>                Defendant. | CASE NO. 2:20-cv-01622-RSM-BAT<br><br>**ORDER DENYING MOTION TO EXCLUDE** |

Plaintiff Ian Perry moves the Court for an order excluding Defendants' expert witness, Kenneth Sawyer, M.D. Dkt. 31. Plaintiff contends that Dr. Sawyer's report does not comply with the requirements of Fed. R. Civ. P. 26(a)(2) and that his testimony should be excluded pursuant to Fed. R. Evid. 702. *Id.*, p. 5-6. Having reviewed the motion, Defendants' opposition, and relevant record, the Court denies the motion.

BACKGROUND

Plaintiff alleges that Defendants failed to provide him with adequate medical treatment after he fractured his right ankle while playing basketball at the Monroe Correctional Complex ("MCC") Twin Rivers Unit ("TRU") gym on January 8, 2020. Dkt. 25 (First Amended Complaint).

On July 15, 2021, Defendant Department of Corrections ("DOC") disclosed Kenneth D. Sawyer, M.D., Orthopedic Examination and Consultation, as its expert witness. At that time, DOC provided Dr. Sawyer's CV and his expert witness report. Dkt. 31, Exhibit A (DOC

ORDER DENYING MOTION TO EXCLUDE - 1

Disclosure of Expert Testimony Pursuant to FRCP 26(a)(2)); Exhibit B (Dr. Sawyer's report dated July 15, 2021); and Exhibit C (Dr. Sawyer's CV dated June 23, 2009). Dr. Sawyer's written report was signed with his title "Orthopedic Consultant, Washington State Department of Corrections." *Id.*, Exhibit B; Dkt. 38, Declaration of Kenneth Sawyer, ¶ 7. Dr. Sawyer's report did not include a list of any publications authored in the previous 10 years; a list of all other cases in which he testified as an expert at trial or by deposition; or a statement of the compensation to be paid to him for the study and his testimony in this case. Dkt. 31, Exhibit B.

On September 22, 2021, in response to Plaintiff's September 1, 2021 subpoena, Dr. Sawyer listed the materials he received from the DOC and reviewed; identified the contents of his file; produced the draft report, final report, and e-mails exchanged with the Attorney General's office; and confirmed that he has not billed for his records review or report and does not have a tracking system for cases in which he previously was deposed or gave testimony. Dkt. 31, Declaration of Darryl Parker, Exhibit E.

On October 25, 2021, Plaintiff filed the instant motion to exclude Dr. Sawyer as an expert witness. Dkt. 31. On November 8, 2021, Defendants filed a supplemental disclosure of expert testimony. Dkt. 37, Declaration of Michelle Hitomi Hansen, Exhibit A. In this disclosure, DOC identified Dr. Sawyer as a DOC in-house orthopedic consultant and provided his current CV (dated November 2, 2021). *Id.* The updated CV includes, under the heading "Current Practice", Dr. Sawyer's work as an orthopedic consultant with the DOC. *Id.*

B.  <u>Dr. Sawyer's Qualifications and Report</u>

Dr. Sawyer has been a licensed and practicing physician and surgeon since 1976. His CV sets out in detail his education, internships, residencies, licensures, specialty boards, previous practice and hospital staff privileges, and current practice and hospital privileges. *See* Dkt. 37,

ORDER DENYING MOTION TO EXCLUDE - 2

Hansen Decl., Exhibit A. Plaintiff does not challenge Dr. Sawyer's credentials and acknowledges his experience in the field of orthopedics. *See e.g.,* Dkt. 31, p. 5.

At the request of Defendants, Dr. Sawyer reviewed Plaintiff's medical records and submitted his opinion, on a "more probable-than-not basis, to a reasonable degree of medical certainty, based on [his] medical education, background and substantial work experience." Dkt. 31-1, Parker Decl., Exhibit B. Dr. Sawyer's report, which was provided to Plaintiff on July 15, 2021, is set forth in full as follows:

> I have reviewed the medical records regarding Ian Perry at your request, including:
>
> • Ian Perry's DOC medical file (1/1/20 – 12/4/20);
>
> • Evergreen Health Medical Records (01060033-37; 46-47; 49-54);
>
> • TRA Medical Imaging Report 1/8/2020, (01060029); and
>
> • ProOrtho Records (01060048; 59-63; 66-70; 73-77).
>
> The following opinions are on a more-probable-than-not basis, to a reasonable degree of medical certainty, based on my medical education, background and substantial work experience. The records indicate that Mr. Perry injured to his right ankle as the result of a fall on January 8, 2020, while playing basketball at the Monroe Corrections Complex gym. The records show that Mr. Perry was provided appropriate medical care by the DOC medical providers, including Facility Medical Director Arieg Awad and contract ARNP Marquetta Washington, who clearly met the standard of care in treating this injury between January 8, 2020 and January 19, 2020. I find no evidence that he suffered any permanent injury to his right ankle as a result of any treatment (or lack thereof) that he received by DOC medical providers. Specifically, He was seen by ARNP Washington the day of the injury. He received treatment that day including an Ace wrap, ice, crutches, and authorization for a low bunk. X-rays were also ordered that day. That treatment would have been appropriate for an acute ankle injury whether it was a sprain or one involving a fracture.
>
> The records further indicate that from January 19, 2020, through to the present, Mr. Perry has been under the care of both DOC medical providers at Monroe as well as outside medical providers, including Jonathan S. Hall, M.D., an orthopedic surgeon. In my opinion, DOC medical providers, including Facility Medical Director Arieg Awad and contract ARNP Marquetta Washington, as well

ORDER DENYING MOTION TO EXCLUDE - 3

> as the medical providers outside of DOC, met the standard of care during this time. Specifically, Mr. Perry was referred to Dr. Hall when it was determined that he had a fractured lateral malleolus. That referral was made within the time period for an acute surgical repair of the fracture to have been performed, had such surgical treatment been necessary. Dr. Hall, appropriately, recommended non-operative treatment with a cast when it was determined that the fracture was nondisplaced. Dr. Hall subsequently performed appropriate surgery, with internal fixation, when the fracture did not heal after an appropriate time period. Standard postoperative care was provided including immobilization of the ankle, limited activity, and analgesic medication.
>
> In response to Mr. Perry's allegation that his medical providers caused permanent physical injury to his right ankle because of a delay in sending him for physical therapy, I disagree. In fact, the average young athletic male, such as Mr. Perry, would not require any formal physical therapy for the injury he sustained or for the surgery that was performed. Gradual return to normal activities is all that would be necessary for him to reach maximum recovery.

Dkt. 31-3, Exhibit B (Expert Report dated July 15, 2021).

Dr. Sawyer attests in his declaration that, as the DOC orthopedic consultant, he is available to medical providers assigned to DOC prison facilities for remote medical consultations. Dkt. 38, Sawyer Decl., ¶ 4. In the ten years he has worked for DOC, Dr. Sawyer has not testified in court for any reason either as an expert or as a fact witness and has given deposition testimony on three or four occasions. *Id.*, ¶ 5. Dr. Sawyer has not published any professional medical articles during his career. *Id.*, ¶ 6. Dr. Sawyer also confirmed that he does not have a fee schedule for his work on this case because, as a DOC employee, he is not separately compensated for his review of the medical record, his report, or for any deposition or trial testimony he may give. *Id.*, ¶ 10.

## LEGAL STANDARD

Rule 26 requires parties to disclose all expert evidentiary material that may be relied upon at trial, and further provides that these disclosures be made at the times directed by the court. Fed. R. Civ. P. 26(a)(2)(C). Rule 26(e) requires a party to supplement a Rule 26(a) expert report

ORDER DENYING MOTION TO EXCLUDE - 4

"if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties...." Fed. R. Civ. P. 26(e). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). This rule excludes untimely expert witness testimony, unless the "parties' failure to disclose the required information is substantially justified or harmless." *Id*.

Federal Rule of Evidence 702 allows a qualified expert to testify "in the form of an opinion or otherwise" where:

    (a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b)    the testimony is based on sufficient facts or data;

    (c)    the testimony is the product of reliable principles and methods; and

    (d)    the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "[R]elevance means that the evidence will assist the trier of fact to understand or determine a fact in issue." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see also Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) ("The requirement that the opinion testimony assist the trier of fact goes primarily to relevance.") (cleaned up).

Under the reliability requirement, the expert testimony must "ha[ve] a reliable basis in the knowledge and experience of the relevant discipline." *Primiano*, 598 F.3d at 565. The test for

ORDER DENYING MOTION TO EXCLUDE - 5

reliability, however, "is not the correctness of the expert's conclusions but the soundness of his methodology." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) ("Daubert II"). To ensure reliability, the court must "assess the [expert's] reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance." *Id*. at 564. These factors are "helpful, not definitive," and a court has discretion to decide how to test reliability "based on the particular circumstances of the particular case." *Id*. (cleaned up).

"When evaluating specialized or technical expert opinion testimony, the relevant reliability concerns may focus upon personal knowledge or experience." *United States v. Sandoval-Mendoza*, 472 F.3d 645, 655 (9th Cir. 2006). Additionally, reliable testimony must be helpful. *See Daubert*, 509 U.S. at 591 ("'Expert testimony which does not relate to any issue in the case is not relevant, and ergo, non-helpful.'") (quoting 3 Weinstein & Berger ¶ 702[02], p. 702–18.). "A court may exclude testimony that falls short of achieving either end." *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007).

## DISCUSSION

A.   <u>Meet and Confer</u>

Defendants argue that Plaintiff's motion may be denied because Plaintiff's counsel did not meet and confer with Defendants' counsel prior to filing this motion and failed to file a certification that he attempted to do so, in accordance with LCR 37(a)(1). Dkt. 37, Hansen Decl., ¶ 4. LCR 37(a)(1) states that any "motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action."

1  Plaintiff's attorney maintains that a meet and confer was not necessary because Plaintiff
2  did not file a Rule 37 motion to compel discovery. Dkt. 39, p. 1. The Court agrees. Plaintiff's
3  motion is a challenge to the admissibility of Dr. Sawyer's expert testimony.[1]

B. **Timeliness of Expert Witness Disclosure**

On July 15, 2021, DOC Defendants disclosed Dr. Sawyer as their expert in accordance with the Court's scheduling order and provided Dr. Sawyer's written report. Dkts. 20 and 31-2 at 2-4. Dr. Sawyer signed his report, with the title "Orthopedic Consultant, Washington State Department of Corrections." Dkt 31-3 at p. 3. In the same disclosure, DOC Defendants provided Plaintiff with Dr. Sawyer's CV setting forth his qualifications and background. Dkt. 31-4. It is not disputed that at the time the DOC Defendants made this disclosure, Dr. Sawyer's employment as a DOC orthopedic consultant did not appear on his CV but it did appear on his report.

Plaintiff does not contend that the disclosure was untimely but that the disclosure did not comport with Rule 26 because Dr. Sawyer's CV was out of date (it did not reflect his work as a DOC orthopedic consultant and employee since 2011 and was not otherwise updated) and Dr. Sawyer failed to include a rate sheet for his services. Plaintiff also contends that Defendants' last-minute amendment to their disclosures on November 8, 2021 failed to cure this error. *See* Dkt. 39, p. 2.

However, Plaintiff acknowledges that the initial disclosure was timely and since July, Plaintiff has been in possession of Dr. Sawyer's report, which identifies him as a DOC orthopedic consultant. The discovery deadline was September 30, 2021. Dkt. 15. Prior to that

---

[1] Arguably, Plaintiff's motion to exclude testimony is a motion in limine, which does require a meet and confer and certification. *See* LCR 7(d)(4). However, the Court has reviewed the merits of Plaintiff's motion.

ORDER DENYING MOTION TO EXCLUDE - 7

deadline and in response to Plaintiff's subpoena, Dr. Sawyer provided additional information regarding the nature of the materials reviewed, his services, billing, and lack of tracking system. Dkt. 31, Exhibit E. On November 8, 2021, well after the discovery deadline and following the filing of this motion, Dr. Sawyer explained the scope of his consultancy with DOC (including the absence of a fee schedule and list of trial testimony). Dkt. 38, Sawyer Decl., ¶¶ 4-6, 10.

The Court does not countenance Defendants' failure to provide all the information (or explain the lack thereof) required by Rule 26(a)(2)(B)(iv), (v), and (vi) (*i.e.*, lists of publications and other cases in which trial or deposition testimony was given, and statement of compensation) in its initial disclosure in July.[2] However, based on the information known to Plaintiff after the initial disclosure and Dr. Sawyer's response to Plaintiff's subpoena, the Court finds that Defendants' violation of Rule 26 was ultimately harmless as Plaintiff had sufficient information and time to make an informed decision to take Dr. Sawyer's deposition, to retain his own rebuttal experts, and/or to request an extension of the discovery deadline. Additionally, a trial date has not yet been set in this matter.

More consequential to Plaintiff's motion is his contention that Dr. Sawyer's opinions and proposed testimony runs afoul of Rule 702 because it is unreliable. In fact, Plaintiff argues that Dr. Sawyer's opinions are "pure junk science" and his conclusion that DOC providers met the standard of care is "unsupported by the record or by medical science." *Id.*, p. 2.

---

[2] Defendants also argue that, as a DOC consultant whose duties do not involve regularly giving expert testimony, Dr. Sawyer was under no obligation to provide a report. While this may be technically correct, Dr. Sawyer did submit a report and the real issue here is whether his testimony is admissible under Fed. R. Evid. 702.

ORDER DENYING MOTION TO EXCLUDE - 8

C. <u>Fed. R. Evid. 702</u>

As previously noted, expert testimony is admissible if it is both relevant and reliable. Relevance means that the evidence will assist the trier of fact to understand or to determine a fact in issue and reliability means that the expert testimony has a reliable basis in the knowledge and experience of the relevant discipline. *See, e.g., Primiano*, 598 F. 3d at 564-565. While the criteria of testability, publication in peer reviewed literature, and general acceptance may be helpful, they are not definitive and the court must decide how to test reliability "based on the particular circumstances of the particular case. *Id.* This is particularly so in this case, where specialized or technical expert opinion testimony has been offered. As noted by the Ninth Circuit, when evaluating specialized or technical expert opinion testimony, the relevant reliability concerns may focus upon personal knowledge or experience." *Sandoval-Mendoza*, 472 F.3d at 655.

The inquiry into the admissibility of expert testimony is "a flexible one" where "[s]haky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564. "When the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010).

Plaintiff takes exception to Dr. Sawyer's conclusion that the DOC providers "clearly met the standard of care" in their treatment of Plaintiff; that a healthy young man such as Plaintiff would not require physical therapy; and, that there is no evidence that Plaintiff suffered any permanent injury to his right ankle as a result of treatment he received by DOC providers. Dkt. 39, p. 3. However, the court's gatekeeping role is to determine whether sufficient facts exist to

ORDER DENYING MOTION TO EXCLUDE - 9

support the conclusions Dr. Sawyer reached – not to announce "whether one party's version of the facts should be credited." *See United States v. Idaho Cty. Light & Power Coop. Ass'n, Inc.*, No. 3:17-CV-00391-CWD, 2020 WL 603478, at *10 (D. Idaho Feb. 7, 2020) (cleaned up)).

The test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology. *Primiano*, 598 F.3d at 564. So long as that methodology is sound, even shaky evidence may be admitted. *See id*. Here, Dr. Sawyer based his opinions upon his review of Plaintiff's medical records and on his almost four decades of professional experience as a doctor and orthopedic surgeon – which are not disputed. *See* Dkt. 38, Sawyer Decl. This is sufficient for Dr. Sawyer to offer his opinions on the care provided to Plaintiff even though he never examined Plaintiff. Plaintiff may provide evidence to challenge the strength of Dr. Sawyer's conclusions and to attack his testimony through cross examination and contrary expert opinions and evidence, but the methodology upon which Dr. Sawyer based his conclusions is sound enough to avoid exclusion.

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's motion to exclude Dr. Sawyer (Dkt. 31) is **DENIED** and Mr. Perry's request for Rule 37 sanctions is rejected.

DATED this 18th day of November, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge